IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **JOYCE MOLINO** | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) |
| | ) |
| **BAST SERVICES, INC.,** and **THE FOUNDATION FOR** | ) |
| **ALZHEIMER'S AND CULTURAL MEMORY,** | ) |
| | ) |
| *Defendants.* | ) |

**No.**

```
FILED: AUG 04, 2008
08CV4399
JUDGE MAROVICH
MAGISTRATE JUDGE SCHENKIER
RCC
```

## NOTICE OF REMOVAL

Comes Now Defendant, THE FOUNDATION FOR ALZHEIMER'S AND CULTURAL MEMORY (hereinafter sometimes referred to as "The Foundation"), through its attorneys, and hereby gives notice of removal, pursuant to 28 U.S.C. §§1441 and 1446, of the cause entitled *Joyce Molino v. Bast Services, Inc. and The Foundation for Alzheimer's and Cultural Memory,* filed in the Law Division of the Circuit Court of Cook County, Illinois, docket number 07 L 10463, to the United States District Court northern District of Illinois, Eastern Division.

1.     Plaintiff brought a multi-count state law retaliatory discharge action on October 4, 2007, stemming from the termination of her employment with Bast Services, Inc. ("Bast").  The complaint was filed in the Circuit Court of Cook County, Illinois, under case number 2007 L 10463.  No basis for federal jurisdiction existed at the time of the commencement of the action.

2.      Defendant Bast was served on October 17, 2007, by service on its attorneys, Homero Tristan and Tristan & Gonzalez, LLC, who then filed an appearance for Bast on October 26, 2007.

3.      An Amended Complaint was filed on May 8, 2008, which for the first time added a federal cause of action under the False Claims Act, 31 U.S.C. §3730(h).  A copy of Plaintiff's Amended Complaint is attached hereto as Exhibit A.

4.      The Foundation had never been properly served and first learned that it was a party to the lawsuit on June 2, 2008; it subsequently brought a Motion to Strike Appearance and Quash Service; a copy of the Motion to Strike Appearance and Quash Service is attached hereto as Exhibit B.

5.      On July 10, 2008, Judge Charles R. Winkler, granted The Foundation's Motion to Strike Appearance and Quash Service.  The order restored all procedural and substantive rights to The Foundation and The Foundation agreed to accept service of the Amended Complaint on July 10, 2008.   The order also granted all defendants to August 4, 2008 to file an Answer to the Amended Complaint.  A copy of the Order of July 10, 2008 is attached hereto as Exhibit C.

6.      This court has jurisdiction over this matter pursuant to 28 U.S.C §1331; Plaintiff's claim under the False Claims Act is a law of the United States over which the court has original jurisdiction.

7.     The only other Defendant, Bast Services, Inc., through its counsel,

consents to the removal of this case to federal court.

8.     Venue is proper in this district under 28 U.S.C. §1441(a) because this

district and division embrace the place where the removed action has been pending.


WHEREFORE, Defendant, THE FOUNDATION FOR ALZHEIMER'S AND CULTURAL

MEMORY, files this Notice of Removal, removing the state court action from the Circuit

Court of Cook County, Illinois, to the United States District Court Northern District of

Illinois, Eastern Division.


THE FOUNDATION FOR ALZHEIMER'S AND
CULTURAL MEMORY


By: ___s/ John P. Madden_____
        Attorney for the Defendant

John P. Madden
O'Malley & Madden, p.c.
542 So. Dearborn St., Ste. 660
Chicago Illinois 60605
312.697.1382
jmadden@ompclaw.com

08CV4399
JUDGE MAROVICH
MAGISTRATE JUDGE SCHENKIER
RCC

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF COOK COUNTY

| | | |
|---|---|---|
| JOYCE MOLINO, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No 07 L 010463 |
| | ) | |
| BAST SERVICES, Inc. and | ) | |
| THE FOUNDATION FOR | ) | JURY DEMAND |
| ALZHEIMER'S AND CULTURAL | ) | |
| MEMORY, | ) | |
| Defendants. | ) | |

## NOTICE OF FILING

TO:    Pedro Cervantes
       Tristan & Gonzalez, LLC
       11 E. Adams, Suite 1100
       Chicago, IL 60603
       pcervantes@tristangonzalez.com

Please take notice that I have filed with the Circuit Court of Cook County this 8th day of
May, 2008, Plaintiff's **Amended Complaint**.

Elissa J. Hobfoll

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby states that she served a copy of the above
Notice, upon all attorneys of record referenced above, via regular U.S. and electronic
mail, on this 9th day of May, 2008.

Elissa J. Hobfoll

Elissa Hobfoll
Colleen M. McLaughlin (local counsel)
LAW OFFICES OF COLLEEN M. MCLAUGHLIN
1751 South Naperville Road, Ste. 209
Wheaton, IL  60187
(630) 221-0305
Attorney # 52492

S:\Clients\Molino, J\Pleadings\Complaint\NOF - 1st amended complaint.doc

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF COOK COUNTY

JOYCE MOLINO,                    )
     Plaintiff,                      )
                     )
                     )
vs.                               )
                     )
BAST SERVICES, Inc. and          )
THE FOUNDATION FOR               )     JURY DEMAND
ALZHEIMER'S AND CULTURAL         )
MEMORY,                          )
     Defendants.                     )

## AMENDED COMPLAINT

Plaintiff, JOYCE MOLINO, by and through her attorneys, THE LAW OFFICES OF COLLEEN M. McLAUGHLIN, complains of Defendants BAST SERVICES, INC. and THE FOUNDATION FOR ALZHEIMER'S AND CULTURAL MEMORY, and states as follows:

### NATURE OF THE CASE

This case is filed in four (4) counts. Count I alleges WRONGFUL DISCHARGE in violation of Illinois public policy; Count II alleges statutory violations of the ILLINOIS WHISTLEBLOWER ACT, 740 ILCS 174/1, *et seq.*, Count II alleges statutory violations of the FALSE CLAIMS ACT, 31 U.S.C.A. § 3730 *et. seq.*, and Count VI alleges statutory violations of ILLINOIS WHISTLEBLOWER REWARD AND PROTECTION ACT, 740 ILCS 175 *et. seq.* Plaintiff seeks compensatory and punitive damages as allowed by law.

### PARTIES

i.    Plaintiff, Joyce Molino ("Molino"), is a natural person, residing in Villa Park, Illinois, County of DuPage.

2.    Defendant, Bast Services, Inc. ("Bast"), is an Illinois Corporation, with offices located at 3500 West Peterson Ave., Chicago, Illinois 60659.

3.    Defendant, The Foundation for Alzheimer's and Cultural Memory ("The Foundation"), is a non-for-profit corporation.  It is also located at 3500 West Peterson Ave., Chicago, Illinois 60659.

## STATEMENT OF FACTS

4    In or about February of 2005, Molino was employed at Alden Town Manor Nursing and Rehabilitation Center ("Alden"), as the Dementia Unit Coordinator, when she first became acquainted with Michael Verde, Founder of The Foundation for Alzheimer's and Cultural Memory and creator of the Memory Bridge Program ("The Program" or "The Chicagoland Memory Bridge Initiative" or "The Cicero Memory Bridge Initiative").

5.    The Program was initially piloted by The Foundation and Bast conjunctively, as a 12-week after school program which paired students with Alzheimer's patients at Alden in order to investigate the science and subjective experience of the Alzheimer's disease.

6.    The initial pilot program was called the Cicero Memory Bridge Initiative. Molino ran the program at Alden from February through May of 2005.

7.    The Program's success led to plans of expansion. New grant proposals were drafted by Bast and ultimately awarded to The Program, which thereafter changed its name to the Chicagoland Memory Bridge Initiative.

8.    During the initial pilot program Verde initiated efforts to recruit Molino to leave her position at Alden and join The Foundation.

9.    In February, 2006, Molino was first asked to consider the position of Director for The Program. The job description named The Foundation as the employer, however applicants were instructed to send their resume and cover letter to Bast.

10.    In March of 2006, Molino met with both Verde (The Foundation) and Nick Bognar, Chief Operating Officer for Bast, to explore opportunities for Molino with The Foundation.

11.    Molino resisted leaving her position at Alden. As the Dementia Unit Coordinator at Alden, Molino was making a good living with strong potential of continued career advancement. She enjoyed job satisfaction and security.

12.    In or about April of 2006, Bast hired Mary Cohen to work for The Foundation as the Director for The Program. However, Verde and Bognar continued their efforts to recruit Molino for The Program team.

13.    On or about April 27, 2006, Verde introduced Molino to Sandra Figuero Bast ("Ms. Bast"), President of Bast, at a fundraiser at the Deerpath Inn, in Lake Forest. Ms. Bast publicly echoed Bognar's and Verde's desire to have Molino join The Program team.

14.    During the late winter and spring of 2006, Molino participated in numerous communications with Bognar, Verde, Ms. Bast, and Cohen in person, via telephone, and email, regarding interest in hiring Molino.

15.    Although in the spring of 2006, Molino offered to work as an unpaid consultant for The Program, Defendants wanted a more substantial commitment from Molino. On or about May 10, 2006, Bast and The Foundation offered and Molino accepted a position with The Foundation as a part-time paid consultant. Molino took on her consultant duties with The Foundation while also maintaining her employment at Alden. Although Molino's consulting contract was with The Foundation, she was paid by Bast.

16.    On or about June 6, 2006, Molino met with Cohen, at the Skyview Restaurant in Berwyn, Illinois, to discuss the hiring of Molino for a full-time position with The Foundation.

17.    In or about July of 2006, after achieving many successes and honors for The Program, which Verde and others associated with the Program attributed largely to Molino's efforts, Bast and The Foundation, once again, offered Molino a full time position. The position offered by Bast and the Foundation was that of Manager of Alzheimer's Education and Outreach, a position specifically created with Molino's "skills and experience" in mind.

18.    On or about Saturday, August 5, 2006, Molino met with Verde to discuss salary and final details. In order to lure Molino away from her position at Alden, Bast and The Foundation continued to sweeten the pot, by offering her thousands of dollars more than she was making at Alden and assuring Molino that she was getting in on the ground floor of a local program destined to grow into a nation-wide enterprise.

19.    Molino was convinced by Bast and The Foundation that the opportunity offered by Bast and the Foundation would prove to be a beneficial career move.

20.    Molino gave Alden notice of her resignation on or about August 10, 2006 and prepared to transition from Alden to Bast, The Foundation and The Program with a commitment to the Memory Bridge and a belief that, together, they would have a long and fruitful future.

21.    On Saturday, September 9, 2006, Molino met with Bognar to officially start in her new position.

22.    From September 10, 2006, through September 12, 2006, Molino attended an Alzheimer's conference in Atlanta, Georgia, in her capacity as Manager of Alzheimer's Outreach and Education for Bast and The Foundation.

23.    As Manager of Alzheimer's Outreach and Education, Molino reported to the Foundation's Program Director, Cohen, and Cohen reported directly to both Bast Chief Operating Officer, Bognar and Foundation founder, Verde. Although Molino submitted her work

for The Program to The Foundation, specifically Mary Cohen and Michael Verde, she was paid

by Bast. On information and belief, Cohen was also paid by Bast.

24.    During her term of employment with Bast and The Program, Molino invested months

of long hours and hard work. In addition to work on the web library, Molino was also called

upon to assist the school coordinators. Molino's dedication was also reflected in her

indispensable contributions to the "There Is A Bridge" documentary, a film by Emmy Award

winner Ted Kay, scheduled to air nationally on PBS in the fall of 2007.

25.    On November 15, 2006, Cohen requested Molino sign a photographic release regarding

the PBS documentary. On that date, Molino also, on information and belief, was given an

employment agreement to sign, which, in consideration of her "continuing employment,"

authorized Bast to withhold Molino's pay under certain circumstances, and required Molino to

surrender all rights to any writings which were written, conceived or developed by Molino

during her employment with Bast; agree to a number of restrictive covenants, including a one (1)

year non-compete; agree to pay liquidated damages of $25,000 for a breach of said agreement;

and, agree to give up her rights to seek redress for any grievances against her employer in a court

of law.

26.    Two days later, on November 17, 2006, Molino was called to meet with Verde, Bognar

and Cohen. Despite the praise and honors she received regularly for her efforts in the two and a

half months she worked for Bast, The Foundation and The Program, Molino was notified that her

relationship with Bast and the Memory Bridge Program was terminated, ostensibly due to her

inability to meet performance expectations.

27.    After her termination, Molino applied for unemployment benefits from the Illinois Department of Employment Security ("IDES"). Bast objected to Molino's unemployment benefits on the basis of alleged misconduct.

28.    On January 25, 2007, the IDES held a telephone hearing on Molino's appeal regarding her denial of benefits. Verde, Cohen and Bognar all appeared on behalf of the employer at the IDES hearing. During the hearing Bognar, made various accusations of misconduct that he could not substantiate. He then admitted that the decision to terminate Molino was not performance related, rather, he confessed it was a result of her past whistleblowing activities. Bognar went as far as to say that he believed Molino's status as a government whistleblower created a "horrible reputation."

29.    Subsequent to being hired by Bast and the Foundation, Molino disclosed to Cohen, Bognar, and Verde that she had "blown the whistle" on a former employer involved in the nursing care industry. Specifically, Molino disclosed that, in 1999, she had acted as a government relator in bringing false claims charges against Maxwell Manor Nursing Facility and ABS Long Term Care Management Company under the Federal False Claims Act and Illinois Whistleblower Reward and Protection Act.

30.    In late October, Verde assured Molino that her whistleblowing history would not affect her job at Bast and the Foundation.

31.    At all relevant times, Bast and The Foundation were joint employers for the purposes of the instant litigation. Bast works in tandem with The Foundation through its Worldview division.

32.    On information and belief, the decision to terminate Molino was made by Verde and Cohen (The Foundation) and Ms. Bast and Bognar (Bast) because of Molino's whistleblowing activities.

33.    Defendants' actions towards plaintiffs were committed with malice or reckless indifference to plaintiff's common law and statutory rights.

34.    Molino has been greatly damaged, both monetarily and emotionally, by the actions of Bast and The Foundation.

## COUNT ONE
## Common Law Retaliatory Discharge

35.    Plaintiff herein realleges and reaffirms the allegations set forth in paragraphs 1 through 34 above.

36.    The State of Illinois has recognized a clear mandate of public policy to protect employees who report activities they believe to be illegal, to the appropriate legal authorities.

37.    By their conduct, Defendants have subjected Plaintiff to a retaliatory discharge in violation of Illinois public policy.

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment in her favor and against the Defendants, in an amount in excess of $100,000.00 and that this Honorable Court:

a)    Enter a finding that Defendants' actions constitute unlawful retaliatory discharge in violation of Illinois public policy;

b)    Award Plaintiff the value of all lost compensation and benefits as a result of Defendants' unlawful conduct;

c)    Award Plaintiff the value of compensation and benefits she will lose in the future as a result of Defendants' unlawful conduct;

d)    Award Plaintiff damages for emotional distress;

e)    Award Plaintiff compensatory damages;

f)  Award Plaintiff punitive damages; and

g)  Award Plaintiff such other relief, including attorney's fees and interest, as the Court
deems just.

## COUNT TWO
### Illinois Whistleblower Act

38.  Plaintiff herein realleges and reaffirms the allegations set forth in paragraphs 1 through
34 above.

39.  The Illinois Whistleblower Act, 740 ILCS 174/1 et seq., became effective on January 1,
2004 ("the Act").

40.  Section 15 of the Act prohibits an employer from retaliating against any employee "for
disclosing information to a government or law enforcement agency, where the employee has
reasonable cause to believe that the information discloses a violation of a Sate or federal law,
rule or regulation." 740 ILCS 174/15.

41.  Molino is an employee as defined by the Section 5 of the Illinois Whistleblower Act,
740 ILCS 174/5.

42.  The Foundation is an employer as defined by Section 5 of the Illinois Whistleblower
Act, 740 ILCS 174/5.

43.  Bast is an employer as defined by Section 5 of the Illinois Whistleblower Act, 740
ILCS 174/5.

44.  The conduct of Bast and The Foundation, as described herein, violated Sections 15 of
the Illinois Whistleblower Act.

WHEREFORE, Plaintiff respectfully prays that this Court enter a finding that:

a) Defendants have violated Sections 15 of the Illinois Whistleblower Act;

b) Enter judgment in favor of Molino and against the Defendants, in a sum exceeding $100,000.00, to include but not be limited to:

    i. all compensatory and punitive damages as allowed by law;

    ii. pre-judgment interest;

    iii. litigation costs;

    iv. reasonable attorney's fees; and

    v. such other and further relief as this court deems just.

    vi.

## COUNT THREE
### False Claims Act

45.    Plaintiff herein realleges and reaffirms the allegations set forth in paragraphs 1 through 34 above.

46.    Bast is an "employer" within the meaning of the False Claims Act, 31 U.S.C.A. § 3730(h).

47.    The Foundation is an "employer" within the meaning of the False Claims Act, 31 U.S.C.A. § 3730(h).

48.    Molino is an "employee" within the meaning of the False Claims Act, 31 U.S.C.A. § 3730(h).

49.    The False Claims Act, 31 U.S.C.A. § 3730(h), prohibits an employer for discharging any employee in retaliation for "lawful acts done by the employee …in furtherance of an action under this section[.]"

50.   The conduct of Bast and The Foundation, as described herein, violated § 3730(h) of the False Claims Act.

WHEREFORE, Plaintiff respectfully prays that this Court enter a finding that:

a)   Defendants have violated Section  3730(h) of the False Claim Act;

b)   Statutory damages of two  times the amount of back pay;

c)   Interest on the back pay;

d)   Litigation costs;

e)   attorney's fees; and

f)   such other and further relief as this court deems just.

### COUNT VI
### Illinois Whistleblower Reward and Protection Act

51.   Plaintiff herein realleges and reaffirms the allegations set forth in paragraphs 1 through 34 above.

52.   Bast is an "employer" within the meaning of the Illinois Whistleblower Reward and Protection Act, 740 ILCS 175/4(g).

53.   The Foundation is an "employer" within the meaning of the Illinois Whistleblower Reward and Protection Act, 740 ILCS 175/4(g).

54.   Molino is an "employee" within the meaning of the Illinois Whistleblower Reward and Protection Act, 740 ILCS 175/4(g).

55.   The Illinois Whistleblower Reward and Protection Act, 740 ILCS 175/4(g), prohibits an employer for discharging any employee in retaliation for "lawful acts done by the employee ...in furtherance of an action under this section[.]"

56.   The conduct of Bast and The Foundation, as described herein, violated § 175/4(g) of the Illinois Whistleblower Reward and protection Act.

WHEREFORE, Plaintiff respectfully prays that this Court enter a finding that:

g) Defendants have violated § 175/4(g) of the Illinois Whistleblower Reward and protection Act;

h) Statutory damages of two times the amount of back pay;

i) Interest on the back pay;

j) Litigation costs;

k) Reasonable attorney's fees; and

l) Such other and further relief as this court deems just.

## PLAINTIFF DEMANDS TRIAL BY JURY

Respectfully Submitted,

_____

Elissa J. Hobfoll
One of the Attorneys for Plaintiff

Colleen M. McLaughlin
Elissa J. Hobfoll
Law Offices of Colleen M. McLaughlin
1751 S. Naperville Rd., Ste. 209
Wheaton, IL 60187
630-221-0305
DuPage # 55453

08CV4399
JUDGE MAROVICH
MAGISTRATE JUDGE SCHENKIER
RCC

## IN THE CIRCUIT COURT OF COOK COUNTY
## COUNTY DEPARTMENT — LAW DIVISION

**JOYCE MOLINO**
    *Plaintiff,*

v.

**BAST SERVICES, INC.,** and **THE FOUNDATION FOR**
**ALZHEIMER'S AND CULTURAL MEMORY,**
    *Defendants.*

)
)
)
)
)
)
)
)
)

**No. 07 L 10463**

Hon. Charles R. Winkler

### NOTICE OF MOTION

To:   Ms. Colleen McLaughlin, 1751 s. Naperville Rd., Wheaton, Illinois 60187

      Mr. Homero Tristan, Tristan & Gonzalez, LLC, 11 E. Adams, Ste. 1200,
      Chicago Illinois 60603

    **PLEASE TAKE NOTICE** that on *July 10*, **2008 at**
*9:00* **a.m.** or as soon thereafter as counsel may be heard, I shall appear
before the Hon. Charles R. Winkler or any Judge sitting in his place and stead in the courtroom
customarily occupied by his, Room *2304* of the Richard J. Daley Center, 50 W.
Washington St., Chicago Illinois, and then and there present the attached **Motion to Strike**
**Appearance and Quash Service of Process.**

John P. Madden
O'Malley & Madden, p.c.
542 So. Dearborn St.
Suite 660
Chicago Illinois 60605
312.697.1384

### ~ Certificate of Service ~

Jacob Shorr, the undersigned, certifies pursuant to §1-109 of the Civil Code that
he served the foregoing Notice and documents referred to therein, on the above
named persons by U.S. Mail, proper postage prepaid, from 542 S. Dearborn St.,
Chicago, Illinois, this _____ day of June, 2008.

5

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT — LAW DIVISION

| | |
|---|---|
| JOYCE MOLINO | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) No. 07 L 10463 |
| | ) |
| BAST SERVICES, INC., and THE FOUNDATION FOR | ) Hon. Charles R. Winkler |
| ALZHEIMER'S AND CULTURAL MEMORY, | ) |
| | ) |
| *Defendants.* | ) |

## MOTION TO STRIKE APPEARANCE AND QUASH
## SERVICE OF PROCESS

Comes Now Defendant, THE FOUNDATION FOR ALZHEIMER'S AND CULTURAL MEMORY (hereinafter sometimes referred to as "The Foundation"), through its attorney, and moves this Honorable Court for an order striking the unauthorized appearance made for it by Homero Tristan and Tristan & Gonzalez, LLC, declaring the actions taken by Tristan & Gonzalez a nullity, and additionally for an order pursuant to 735 ILCS 5/2-301 quashing service of process as to The Foundation and in support of which combined motion respectfully states the following along with the Affidavit of Michael Verde.

### Background Facts

1. Plaintiff brought a multi-count retaliatory discharge action on October 4, 2007 stemming from the termination of her employment with Bast Services, Inc. ("Bast").

2. Defendant Bast was served on October 17, 2007, by service on its attorneys, Homero Tristan and Tristan & Gonzalez, LLC, who then filed an appearance for Bast on October 26, 2007.

3.  Thereafter, Bast (through Tristan & Gonzalez, LLC) and Plaintiff engaged in various motion practice, including a §2-619(a)(9) Motion to Dismiss.

4.  On November 7, 2007, an Alias Summons was issued for The Foundation; this time Plaintiff's counsel directed the sheriff to serve The Foundation through Verde or any agent at 3500 West Peterson Ave., which is the location of Bast Services, Inc. (but which, Plaintiff informed the sheriff, was also The Foundation's address). [Exhibit B, Alias Summons and Return of Service]

5.  On December 5, 2007, the sheriff appeared at Bast Services with the alias summons and served Nick Bognar, Chief Operating Officer of Bast Services, Inc., with the complaint. [Ex.B]

6.  Nick Bognar, again, is the COO of Bast Services.  He is not an employee, officer or agent of The Foundation and he has never been authorized to accept service for The Foundation. [Ex.A]

7.  Michael Verde was not aware that The Foundation had been named in the lawsuit and was never told that service had been attempted through Nick Bognar. [Ex.A.]

8.  On February 4, 2008, Homero Tristan and Tristan & Gonzalez, LLC, filed an unauthorized appearance for The Foundation. [Exhibit C, Appearance]

9.  Neither Homero Tristan nor anyone at Tristan & Gonzalez, LLC, informed Mr. Verde that The Foundation had been named in the lawsuit, that service of process had been attempted through Nick Bognar of Bast Services or that they sought to represent The Foundation in the case. [Ex.A]

10. Before filing an appearance for The Foundation, Homero Tristan did not speak to Mr. Verde.  He did not obtain Mr. Verde's authorization to represent The Foundation and he did not have any authority to make an appearance for it. [Ex.A.]

2

11. Despite the fact that Mr. Tristan and his firm did not have authority to do so, they nonetheless, on March 6, 2008, filed a Joint Motion to Dismiss pursuant to §2-615 on behalf of both Bast Services and The Foundation; Tristan & Gonzalez, LLC also filed a reply in support on that motion on April 8, 2008, again on behalf of both Bast and The Foundation.

12. The Joint Motion to Dismiss was denied on May 5, 2008.

13. An Amended Complaint was filed on May 8, 2008.

14. Michael Verde first learned that The Foundation was a party to the lawsuit on June 2, 2008, when attorneys from Tristan & Gonzalez, LLC requested to meet with him to discuss the finalization of an answer to the Amended Complaint; he first learned that service was attempted on The Foundation through Bast's Nick Bognar on or about June 3, 2008. [Ex.A]

**Motion to Strike Appearance and Declare**
**Unauthorized Actions a Nullity**

15. The appearance filed by Homero Tristan and Tristan & Gonzalez, LLC and all subsequent actions and filings made by it for The Foundation were taken without the knowledge, consent or authorization of The Foundation.

16. An attorney has no right to appear as an attorney for another without the latter's authority. *Zych v. Jones*, 84 Ill.App.3d 647, 651 (1980); *Hannah v. Hannah*, 94 Ill.App.2d 372 (1968).

17. The filing of an appearance is not a conclusive presumption of authority and when the facts show a lack of authorization "the acts of the counsel are a nullity as against the party for whom the appearance was entered." *Meldoc Properties v. Prezell*, 158 Ill.app.3d 212, 216 (1987); *Gray v. First Nat'l Bank*, 388 Ill. 124, 129 (1944).

**Motion to Quash Service of Process**

18. The Foundation is an independent Illinois Not-For-Profit corporation wholly separate and distinct from Bast Services, Inc. [Ex.A]

19. The Foundation maintains a separate office from Bast Services, Inc. at 3500 W. Petersen, which is Suite 203; Bast Services is located in Suite 201.

20. Nick Bognar is not an employee, officer or agent of The Foundation and has never been authorized to accept service for The Foundation; he is the Chief Operating Officer for Bast Services, Inc. The affidavit of service indicates that service was given to Nick Bognar of Bast Services, Inc. at its offices in Suite 201.

21. Proper service of process for The Foundation was not made as process was not left with its registered agent or any officer or agent. 735 ILCS 5/2-204.  Accordingly, the Court should quash the purported return and service of process. *See, e.g., Mason v. Freeman Nat'l Printing Equip. Co.*, 51 Ill.App.3d 581, 583-84 (1977).

WHEREFORE, Defendant, THE FOUNDATION FOR ALZHEIMER'S AND CULTURAL MEMORY, respectfully prays this Honorable Court for an order striking the unauthorized appearance filed on its behalf, declaring all unauthorized acts and filings made for it by Tristan & Gonzalez, LLC, a nullity, and quashing the service of process and for any other additional or alternative relief to which Defendant may be entitled as the Court deems just in the premises.

THE FOUNDATION FOR ALZHEIMER'S AND CULTURAL MEMORY

By: _____
Attorney for the Defendant

John P. Madden
O'Malley & Madden, p.c.
542 So. Dearborn St., Ste. 660
Chicago Illinois 60605
312.697.1382
Atty. No. 43401

4

State of Illinois )
                 } SS
County of Cook )

### *Affidavit in Support of Motion*

Michael Verde, being first duly sworn upon his oath, deposes and states as follows:

1. I am the President of the Foundation for Alzheimer's and Cultural Memory ("The Foundation").

2. The Foundation is an independent Illinois Not-For-Profit corporation and maintains a duly registered agent for service with the Illinois Secretary of State; in November 2007 I was and have always been The Foundation's registered agent.

3. Nick Bognar is not and has never been an employee, officer or agent of The Foundation.

4. To the best of my knowledge, Nick Bognar is the Chief Operating Officer for Bast Services, Inc.

5. The Foundation is wholly separate and distinct entity from Bast Services, Inc. and maintained a separate address. In December 2007, The Foundation was in Suite 203 at 3500 West Peterson Ave., while Bast Services was located in Suite 201.

6. I first learned that The Foundation had been named as a defendant in Joyce Molino's lawsuit on or bout June 2, 2008, when Nick Bognar notified me that an attorney with Tristan & Gonzalez wanted to meet with me regarding an answer to the complaint.

7. It was not until approximately June 3, 2008 that I first learned that service on The Foundation had been left with Nick Bognar at Bast Services.

8. At no time prior to June 2, 2008 did Nick Bognar or anyone from Bast Services, Inc., or its attorneys, Tristan & Gonzalez, LLC, inform me that The Foundation was a defendant in Molino's suit or that service had been left with Nick Bognar.

**EXHIBIT**

**NO.** A

9. Neither Homero Tristan nor anyone from the offices of Tristan & Gonzalez, LLC ever consulted with me about representing the Foundation in the lawsuit.

10. Neither Homero Tristan nor anyone from the offices of Tristan & Gonzalez, LLC was authorized to file an appearance in Molino's suite for The Foundation or to take any actions on behalf of The Foundation on that matter.

*Michael Verde*

**Certification of Affidavit**

**Michael Verde**, pursuant to §1−109 of the Code of Civil Procedure of the State of Illinois, and under the penalties specified therein certifies that he has personal knowledge of the matters set forth in the foregoing Affidavit in Support, and that the same are true and correct.

*Michael Verde*

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | |
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 ( ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW _____ DIVISION

(Name all parties)

JOYCE MOLINO, Plaintiff
_____

v.

BAST SERVICES, INC. and
THE FOUNDATION FOR ALZHEIMER's AND CULTURAL
MEMORY, Defendants.

*Alias*

**SUMMONS**

No. 2007L010463
CALENDAR/ROOM W
RETALITORY DISC HARGE

OO0177-1.4.1 11/07/07 12:30
REF CASE  # 07L 010463
 1 LAW                    50.00
 1 MILEAGE                10.00
REF SHERIFF # 068592
CASE TOTAL               60.00 *
          TOTAL          60.00 TL
                         60.00

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 801 _____, Chicago, Illinois 60602

| | |
|---|---|
| ☐ District 2 - Skokie | ☐ District 3 - Rolling Meadows | ☐ District 4 - Maywood |
| 5600 Old Orchard Rd. | 2121 Euclid | 1500 Maybrook Ave. |
| Skokie, IL 60077 | Rolling Meadows, IL  60008 | Maywood, IL  60153 |
| ☐ District 5 - Bridgeview | ☐ District 6 - Markham | ☐ Child Support |
| 10220 S. 76th Ave. | 16501 S. Kedzie Pkwy. | 28 North Clark St., Room 200 |
| Bridgeview, IL  60455 | Markham, IL 60426 | Chicago, Illinois  60602 |

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 52492
Name: Colleen M. McLaughlin
Atty. for: Plaintiff
Address: 1751 S. Naperville Rd., Suite 209
City/State/Zip: Wheaton, IL 60187
Telephone: (630) 221-0305

WITNESS, _____, _____

_____
Clerk of Court

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____ 630    221-0706
                                                    (Area Code)  (Facsimile Telephone Numb

**EXHIBIT**

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLIN(    NO. __B__

SHERIFF'S NUMBER 068592-001L CASE NUMBER 07L010463    DEPUTY: Quinn 5179

FILED DT 11-07-2007 RECEIVED DT 11-07-2007 DIE DT 12-07-2007 MULTIPLE SERVICE    1
    DEFENDANT                               ATTORNEY
FOUNDATION FOR ALZHEIMER 'S CULTURAL MEMORY    COLLEEN M MCLAUGHLIN
3500 W PETERSON AV                          X
CHICAGO IL. 60659                           X XX. 00000
                                            630 221-0305
PLAINTIFF JOYCE MOLINO

SERVICE INFORMATION: MR MICHAEL VERDE/ANY OTHER AGT   KS

**********************************************************************************
(A)   I CERTIFY THAT I SERVED THIS SUMMONS ON THE DEFENDANT AS FOLLOWS:

.....1 PERSONAL SERVICE:  BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT WITH THE
       NAMED DEFENDANT PERSONALLY.
.....2 SUBSTITUTE SERVICE:  BY LEAVING A COPY OF THE SUMMONS AND A COPY OF THE COMPLAINT
       AT THE DEFENDANT'S USUAL PLACE  OF ABODE WITH SOME PERSON OF THE FAMILY OR A PERSON
       RESIDING THERE, OF THE AGE OF 13 YEARS OR UPWARDS, AND INFORMING THAT PERSON OF
       THE CONTENTS THEREOF. ALSO, A COPY OF THE SUMMONS WAS MAILED ON THE
       _____ DAY OF _____ 20__ , IN A SEALED ENVELOPE WITH POSTAGE FULLY
       PREPAID, ADDRESSED TO THE DEFENDANT AT HIS OR HER USUAL PLACE OF ABODE.
       SAID PARTY REFUSED NAME _____
....X.3 SERVICE ON:  CORPORATION XJ COMPANY    BUSINESS    PARTNERSHIP _____
       BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT (OR INTERROGATORIES) WITH THE
       REGISTERED (AGENT) AUTHORIZED PERSON OR PARTNER  OF THE DEFENDANT.
.....4 CERTIFIED MAIL _____

(B)   THOMAS J. DART, SHERIFF, BY:            5179 , DEPUTY

    1  SEX M M/F    RACE W    AGE 28
    2  NAME OF DEFENDANT FOUNDATION FOR ALZHEIMER 'S CULTURAL MEMORY
       X WRIT SERVED ON    Nick Bagnara
       THIS 5 DAY OF Dec , 2007 TIME 3:57 A.M P.M.

    ADDITIONAL REMARKS    201 = Bast Services _____

**********************************************************************************

THE NAMED DEFENDANT WAS NOT SERVED.

TYPE OF BLDG    Office Bldg              ATTEMPTED SERVICES

NEIGHBORS NAME _____        DATE       TIME  A.M./P.M.

    ADDRESS _____        _____  ___:___  _____

       REASON NOT SERVED:
                       07 EMPLOYER REFUSAL  _____  ___:___  _____
___ 01 MOVED          ___ 08 RETURNED BY ATTY  _____  ___:___  _____
___ 02 NO CONTACT     ___ 09 DECEASED
___ 03 EMPTY LOT      ___ 10 BLDG DEMOLISHED  _____  ___:___  _____
___ 04 NOT LISTED     ___ 11 NO REGISTERED AGT.
___ 05 WRONG ADDRESS  ___ 12 OTHER REASONS    _____  ___:___  _____
___ 06 NO SUCH ADDRESS ___ 13 OUT OF COUNTY
                                            _____  ___:___  _____

FEE    .00   MILEAGE    .00   TOTAL    .00                   SG23

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

JOYCE MOLINO,                          )
                                       )
                 Plaintiff,            )
                                       )
         v.                            )      Case No. 07 L 010463
                                       )
                                       )
BAST SERVICES, INC., and               )
THE FOUNDATION FOR                     )
ALZHEIMER'S AND CULTURAL               )
MEMORY,                                )
                                       )
                 Defendants.           )

## NOTICE OF FILING

To:     Colleen M. McLaughlin
        1751 S. Naperville Rd.  Suite 209
        Wheaton, IL 60187


PLEASE TAKE NOTICE that there has been filed with the Circuit Clerk of Cook
County this 4th day of February, 2008:

### APPEARANCE


The Foundation for Alzheimer's and Cultural Memory


BY: _____
                One of Its Attorneys


Homero Tristan
Tristan & Gonzalez, LLC
11 E. Adams, Suite 1100
Chicago, Illinois  60603
(312) 345-9200
Atty. No. 42956


**EXHIBIT**

NO. ___C___

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

JOYCE MOLINO,                      )
                                   )
                Plaintiff,         )
                                   )
        v.                         )     Case No. 07 L 010463
                                   )
                                   )
BAST SERVICES, INC., and           )
THE FOUNDATION FOR                 )
ALZHEIMER'S AND CULTURAL           )
MEMORY,                            )
                                   )
                Defendants.        )

## **APPEARANCE**

NOW COMES the Defendant, The Foundation for Alzheimer's and Cultural

Memory, by and through its attorneys Tristan & Gonzalez, LLC, and hereby files its

Appearance.

The Foundation for Alzheimer's and Cultural Memory

BY: _____
            One of its Attorneys

Homero Tristan
Tristan & Gonzalez, LLC
11 E. Adams, Suite 1100
Chicago, Illinois 60603
(312) 345-9200
Atty. No. 42956

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT – LAW DIVISION** 08CV4399

JUDGE MAROVICH
MAGISTRATE JUDGE SCHENKIER
RCC

No. _07 L 14___

)
)
)
)
v.                                    )
)
_Bari Services, Inc., and the_        )
_Foundation for Alzheimer's and_      )
_Cultural Awareness_                  )

## CASE MANAGEMENT / STATUS ORDER ~~Strike appearance / Quash Service~~
~~Defendant Bast Motion for Additional Time to Answer/Plead.~~

This cause coming on to be heard for _____ ~~INITIAL~~ _____ SUBSEQUENT status, counsel for ✓ plaintiff ✓ defendant having been present, **IT IS HEREBY ORDERED**:

4296   1. Non-opinion **written** discovery to be completed by _____
4218   2. Non-opinion **oral** discovery to be completed by _____
4296   3. _____ shall complete outstanding written discovery by _____
4218   4. _____ shall be presented for deposition by _____
4253   5. Plaintiff shall serve Rule 213 f & g disclosures by _____
4253   6. Defendant shall serve Rule 213 f & g disclosures by _____
4218   7. Plaintiff's 213 f & g witnesses to be deposed by _____
4218   8. Defendant's 213 f & g witnesses to be deposed by _____
4295   9. All **Discovery** is closed by _____
4231   10. All **Dispositive** motions shall be filed and noticed no later than _____
4619   **11. This matter is continued to** _August 27, 2008_ at _9:00 am_ **for:**

*(check one or more)*
_____ Service Status          ✓ Pleadings Status          _____ Written Discovery Status
_____ Compliance Status       _____ Settlement Status      _____ Oral Discovery Status
_____ Default / Prove Up      _____ Final Pretrial         _____ Expert Discovery Status
_____ Pretrial **(attorneys with authority must be present unless excused by order of Court)**
_____ Other _____

4482   12. Jury/Bench Trial is set to begin on _____ at _____.
DEFENDANTS' MOTIONS ARE GRANTED:
IT IS FURTHER ORDERED: _The unauthorized appearance of Homero Tristan and Tristan + Gonzales for Foundation for Alzheimer's + Cultural Awareness (FACM) is stricken. All actions previously taken on behalf of FACM by Tristan and/or attorneys of Tristan Gonzalez is hereby declared a nullity. The purported service of process on FACM is quashed. All procedural and substantive rights on FACM are restored. FACM will accept service of process through its counsel as of today July 10, 2008. All defendants shall answer or otherwise plead by August 4, 2008._

Attorney No. #34601
Name: _Malley & Brown, P.C._
Attorney for _& FACM_
Address _____ #600
City/State _____ 60605
Telephone _____

DATED _____
**ENTERED**
JUDGE CHARLES R. WINKLER-1804
**JUL 10 2008**
ENTER _____
Judge Charles R. Winkler No. 1804
**CLERK OF THE CIRCUIT COURT**
**OF COOK COUNTY, IL**
DEPUTY CLERK

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| **JOYCE MOLINO** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | **No.** FILED: AUG 04, 2008 |
| v. | ) | 08CV4399 |
| | ) | JUDGE MAROVICH |
| **BAST SERVICES, INC.,** and **THE FOUNDATION FOR** | ) | MAGISTRATE JUDGE SCHENKIER |
| **ALZHEIMER'S AND CULTURAL MEMORY,** | ) | RCC |
| | ) | |
| *Defendants.* | ) | |

## NOTICE OF FILING

To:    Ms. Colleen McLaughlin, Law Offices of Colleen McLaughlin, 1751 S. Naperville Rd., Wheaton, Illinois 60187

    **PLEASE TAKE NOTICE** that on August 4, 2008, there was filed with the Clerk of the United States District Court Northern district of Illinois, the attached **Notice of Removal** a true copy of which is hereby served upon you**.**
.

        ___s/ John P. Madden_____
        John P. Madden
        *O'Malley & Madden, P.C.*
        542 So. Dearborn St.
        Suite 660
        Chicago Illinois 60605
        312.697.1384


### ~ Certificate of Service ~

Jacob Shorr, the undersigned, certifies pursuant to §1-109 of the Civil Code that he served the foregoing Notice and documents referred to therein, on the above named persons by U.S. Mail, proper postage prepaid, from 542 S. Dearborn St., Chicago, Illinois, this 4th day of August, 2008.

        ___s/ Jacob Shorr_____