UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOYCE MOLINO,                    )<br>   Plaintiff    )<br>           )<br>vs.          ) No. 08-cv-4399<br>           )<br>BAST SERVICES, Inc. and ) Judge Marovich<br>THE FOUNDATION FOR  ) Magistrate Judge Schenkier<br>ALZHEIMER'S AND CULTURAL )<br>MEMORY,         )<br>   Defendants.    )| |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

NOW COMES Defendant, The Foundation for Alzheimer's and Cultural Memory, through its attorneys and in Answer to the Amended Complaint states as follows.

## PARTIES

1. Plaintiff, Joyce Molino ("Molino"), is a natural person, residing in Villa Park, Illinois, County of DuPage.

**ANSWER:** Defendant admits the allegations of Paragraph No. 1.

2. Defendant, Bast Services, Inc. ("Bast"), is an Illinois Corporation, with offices located at 3500 West Peterson Ave., Chicago, Illinois 60659.

**ANSWER:** Defendant admits the allegations of Paragraph No. 2.

3. Defendant, The Foundation for Alzheimer's and Cultural Memory ("The Foundation"), is a non-for-profit corporation.  It is also located at 3500 West Peterson Ave., Chicago, Illinois 60659.

**ANSWER:** Defendant admits the allegations of Paragraph No. 3 except that it denies it is located at 3500 West Peterson Ave., Chicago, Illinois.

## STATEMENT OF FACTS

4. In or about February of 2005, Molino was employed at Alden Town Manor Nursing and Rehabilitation Center ("Alden"), as the Dementia Unit Coordinator, when she first became acquainted with Michael Verde, Founder of The Foundation for Alzheimer's and Cultural Memory and Creator of the Memory Bridge Program ("The Program" or "The Chicagoland Memory Bridge Initiative" or "The Cicero Memory Bridge Initiative").

**ANSWER:** Defendant admits the allegations of Paragraph No. 4.

5. The Program was initially piloted by The Foundation and Bast conjunctively, as a 12-week after school program which paired students with Alzheimer's patients at Alden in order to investigate the science and subjective experience of the Alzheimer's disease.

**ANSWER:** Defendant admits the allegations of Paragraph No. 5, except that it denies that the Program was initially piloted by The Foundation and Bast conjunctively.

6. The initial pilot program was called the Cicero Memory Bridge Initiative. Molino ran the program at Alden from February through May of 2005.

**ANSWER:** Defendant denies the allegations of Paragraph No. 6.

7. The Program's success led to plans of expansion. New grant proposals were drafted by Bast and ultimately awarded to The Program, which thereafter changed its name to the Chicagoland Memory Bridge Initiative.

**ANSWER:** Defendant denies the allegations of Paragraph No. 7.

8. During the initial pilot program Verde initiated efforts to recruit Molino to leave her position at Alden and join The Foundation.

**ANSWER:** Defendant denies the allegations of Paragraph No. 8.

9. In February, 2006, Molino was first asked to consider the position of Director for The Program. The job description named The Foundation as the employer, however applicants were instructed to send their resume and cover letter to Bast.

**ANSWER:** Defendant denies the allegations of Paragraph No. 9.

10. In March of 2006, Molino met with both Verde (The Foundation) and Nick Bognar, Chief Operating Officer for Bast, to explore opportunities for Molino with The Foundation.

**ANSWER:** Defendant denies the allegations of Paragraph No. 10, except that Verde and Molino did meet in or around March of 2006.

11. Molino resisted leaving her position at Alden. As the Dementia Unit Coordinator at Alden, Molino was making a good living with strong potential of continued career advancement. She enjoyed job satisfaction and security.

    **ANSWER:**  Defendant lacks sufficient information and knowledge regarding these allegations and therefore denies the allegations of Paragraph No. 11.  Stating further Defendant states that Molino continually expressed her disgust with Alden's administration and expressed her eagerness to never work for Alden again and her desire to pursue work outside of Alden.

    12. In or about April of 2006, Bast hired Mary Cohen to work for The Foundation as the Director for The Program.  However, Verde and Bognar continued their efforts to recruit Molino for The Program team.

    **ANSWER:**  Defendant denies the allegations of Paragraph No. 12.

    13. On or about April 27, 2006, Verde introduced Molino to Sandra Figuero Bast ("Ms. Bast"), President of Bast, at a fundraiser at the Deerpath Inn, in Lake Forest.  Ms. Bast publicly echoed Bognar's and Verde's desire to have Molino join The Program team.

    **ANSWER:**  Defendant admits the allegations of Paragraph No. 13.

    14. During the late winter and spring of 2006, Molino participated in numerous communications with Bognar, Verde, Ms. Bast, and Cohen in person, via telephone, and email, regarding interest in hiring Molino.

    **ANSWER:**  Defendant admits the allegations of Paragraph No. 14 as and only to the extent that they relate to Michael Verde, except that none of the discussions involved Molino being hired by The Foundation.  Defendant denies the remaining allegations of Paragraph 14.

15. Although in the spring of 2006, Molino offered to work as an unpaid consultant for The Program, Defendants wanted a more substantial commitment from Molino.  On or about May 10, 2006, Bast and The Foundation offered and Molino accepted a position with The Foundation as a part-time paid consultant.  Molino took on her consultant duties with The Foundation while also maintaining her employment at Alden. Although Molino's consulting contract was with The Foundation, she was paid by Bast.

**ANSWER:**  Defendant denies the allegations of Paragraph No. 15, except that Molino was retained for a short period as a part-time consultant.

16. On or about June 6, 2006, Molino met with Cohen, at the Skyview Restaurant in Berwyn, Illinois, to discuss the hiring of Molino for a full-time position with The Foundation.

**ANSWER:**  Defendant denies the allegations of Paragraph No. 16.

17. In or about July of 2006, after achieving many successes and honors for The Program, which Verde and others associated with the Program attributed largely to Molino's efforts, Bast and The Foundation, once again, offered Molino a full time position.  The position offered by Bast and the Foundation was that of Manager of Alzheimer's Education and Outreach, a position specifically created with Molino's "skills and experience" in mind.

**ANSWER:**  Defendant denies the allegations of Paragraph No. 17.

18. On or about Saturday, August 5, 2006, Molino met with Verde to discuss salary and final details. In order to lure Molino away from her position at Alden, Bast and The Foundation continued to sweeten the pot, by offering her thousands of dollars more than she was making at Alden and assuring Molino that she was getting in on the ground floor of a local program destined to grow into a nation-wide enterprise.

**ANSWER:** Defendant denies the allegations of Paragraph No. 18, except that Molino did initiate a meeting with Verde in August 2006.

19. Molino was convinced by Bast and The Foundation that the opportunity offered by Bast and the Foundation would prove to be a beneficial career move.

**ANSWER:** Defendant lacks sufficient information and knowledge regarding these allegations and therefore denies the allegations of Paragraph No. 19.

20. Molino gave Alden notice of her resignation on or about August 10, 2006 and prepared to transition from Alden to Bast, The Foundation and The Program with a commitment to the Memory Bridge and a belief that, together, they would have a long and fruitful future.

**ANSWER:** Defendant lacks sufficient information and knowledge regarding these allegations and therefore denies the allegations of Paragraph No. 20.

21. On Saturday, September 9, 2006, Molino met with Bognar to officially start in her new position.

**ANSWER:** Defendant lacks sufficient information and knowledge regarding these allegations and therefore denies the allegations of Paragraph No. 21.

6

22.     From September 10, 2006, through September 12, 2006, Molino attended an Alzheimer's conference in Atlanta, Georgia, in her capacity as Manager of Alzheimer's Outreach and Education for Bast and The Foundation.

**ANSWER:**  Defendant denies the allegations of Paragraph No. 22, except that Molino attended said conference.

23.     As Manager of Alzheimer's Outreach and Education, Molino reported to the Foundation's Program Director, Cohen, and Cohen reported directly to both Bast Chief Operating Officer, Bognar and Foundation founder, Verde.  Although Molino submitted her work for The Program to The Foundation, specifically Mary Cohen and Michael Verde, she was paid by Bast.  On information and belief, Cohen was also paid by Bast.

**ANSWER:**  Defendant denies the allegations of Paragraph No. 23.

24.     During her term of employment with Bast and The Program, Molino invested months of long hours and hard work.  In addition to work on the web library, Molino was also called upon to assist the school coordinators.  Molino's dedication was also reflected in her indispensable contributions to the "There is a Bridge" documentary, a film by Emmy Award winner Ted May, scheduled to air nationally on PBS in the fall of 2007.

**ANSWER:**  Defendant denies the allegations of Paragraph No. 24.

25. On November 15, 2006, Cohen requested Molino sign a photographic release regarding the PBS documentary. On that date, Molino also, on information and belief, was given an employment agreement to sign, which, in consideration of her "continuing employment," authorized Bast to withhold Molino's pay under certain circumstances, and required Molino to surrender all rights to any writings which were written, conceived or developed by Molino during her employment with Bast; agree to a number of restrictive covenants, including a one (1) year non-compete; agree to pay liquidated damages of $25,000 for a breach of said agreement; and, agree to give up her rights to seek redress for any grievances against her employer in a court of law.

**ANSWER:** Defendant denies the allegations of Paragraph No. 25, except that it believes Molino was asked to sign a release regarding her appearance in the documentary and also an employment agreement with Bast Services, Inc.

26. Two days later, on November 17, 2006, Molino was called to meet with Verde, Bognar, and Cohen. Despite the praise and honors she received regularly for her efforts in the two and half months she worked for Bast, The Foundation and The Program, Molino was notified that her relationship with Bast and the Memory Bridge Program was terminated, ostensibly due to her inability to meet performance expectations.

**ANSWER:** Defendant denies the allegations of Paragraph No. 26, except that Verde did meet with Molino, Bognar and Cohen and that Molino was notified that her relationship with the Memory Bridge Program was terminated.

8

27.    After her termination, Molino applied for unemployment benefits from the Illinois Department of Employment Security ("IDES").  Bast objected to Molino's unemployment benefits on the basis of alleged misconduct.

**ANSWER:**  Defendant admits the allegations of Paragraph No. 27, except as to the objections raised by Bast Services, Inc. to Molino's claim for unemployment benefits.

28.    On January 25, 2007, the IDES held a telephone hearing on Molino's appeal regarding her denial of benefits.  Verde, Cohen, and Bognar all appeared on behalf of the employer at the IDES hearing.  During the hearing Bognar, made various accusations of misconduct that he could not substantiate.  He then admitted that the decision to terminated Molino was not performance related, rather, he confessed it was a result of her past whistleblowing activities.  Bognar went as far as to say that he believed Molino's status as a government whistleblower created a "horrible reputation."

**ANSWER:**  Defendant denies the allegations of Paragraph No. 28, except that Verde did attend a phone hearing relating to Molino's claim for unemployment benefits.

29.    Subsequent to being hired by Bast and the Foundation, Molino disclosed to Cohen, Bognar, and Verde that she had "blown the whistle" on a former employer involved in the nursing care industry.  Specifically, Molino disclosed that, in 1999, she had acted as a government relator in bringing false claims charges against Maxwell Manor Nursing Facility and ABS Long Term Care Management Company under the False Claims Act and Illinois Whistleblower Reward and Protection Act.

**ANSWER:**  Defendant denies the allegations of Paragraph No. 29.

30. In late October, Verde assured Molino that her whistleblowing history would not affect her job at Bast and the Foundation.

**ANSWER:** Defendant denies the allegations of Paragraph No. 30.

31. At all relevant times, Bast and The Foundation were joint employers for the purposes of the instant litigation. Bast works in tandem with The Foundation through its Worldview division.

**ANSWER:** Defendant denies the allegations of Paragraph No. 31.

32. On information and belief, the decision to terminate Molino was made by Verde and Cohen (The Foundation) and Ms. Bast and Bognar (Bast) because of Molino's whistleblowing activities.

**ANSWER:** Defendant denies the allegations of Paragraph No. 32.

33. Defendants' actions towards plaintiffs were committed with malice or reckless indifference to plaintiff's common law and statutory rights

**ANSWER:** Defendant denies the allegations of Paragraph No. 33.

34. Molino has been greatly damaged, both monetarily and emotionally, by the actions of Bast and The Foundation.

**ANSWER:** Defendant denies the allegations of Paragraph No. 34.

## COUNT ONE
## Common Law Retaliatory Discharge

35. Plaintiff herein alleges and reaffirms the allegations set forth in paragraphs 1 through 34 above.

**ANSWER:** As and for its answer to Paragraph No. 35, Defendant restates its answers to Paragraph Nos. 1-34 of the Amended Complaint as if fully stated herein.

36. The State of Illinois has recognized a clear mandate of public policy to protect employees who report activities they believe to be illegal, to the appropriate legal authorities.

**ANSWER:** Defendant neither admits nor denies the allegations of Paragraph 36 because they are legal conclusions and not the averment of issuable facts. To the extent said allegations present issuable facts they are denied. Answering further, Defendant does not dispute that the State of Illinois has, in certain circumstances, recognized policy interests similar to those alleged in Paragraph 36 but Defendant denies that such are applicable to this case.

37. By their conduct, Defendants have subjected Plaintiff to a retaliatory discharge in violation of Illinois public policy.

**ANSWER:** Defendant denies the allegations of Paragraph 37.

WHEREFORE, Defendant, The Foundation for Alzheimer's and Cultural Memory, denies that Plaintiff is entitled to any relief, and respectfully requests Count I of the Amended Complaint be dismissed with prejudice and judgment be entered in its favor and against Plaintiff, Joyce

Molino, and that it be awarded its costs, attorneys' fees, and any further additional or alternative relief as the Court deems just in the premises.

## COUNT TWO
### Illinois Whistleblower Act

38. Plaintiff herein realleges and reaffirms the allegations set forth in paragraphs 1 through 34 above.

**ANSWER:** As and for its answer to Paragraph No. 38, Defendant restates its answers to Paragraph Nos. 1-34 of the Amended Complaint as if fully stated herein.

39. The Illinois Whistleblower Act, 740 ILCS 174/1 et seq., became effective on January 1, 2004 ("the Act").

**ANSWER:** Defendant admits the allegations of Paragraph 39.

40. Section 15 of the Act prohibits an employer from retaliating against any employee "for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of a State or Federal law rule or regulation." 740 ILCS 174/15

**ANSWER:** Defendant admits the allegations of Paragraph 40, except that they are incomplete.

41. Molino is an employee as defined by the Section 5 of the Illinois Whistleblower Act, 740 ILCS 174/5.

**ANSWER:** Defendant neither admits nor denies the allegations of Paragraph 41 because they are legal conclusions and not the averment of issuable facts. To the extent said allegations present issuable facts they are denied.

42. The Foundation is an employer as defined by Section 5 of the Illinois Whistleblower Act, 740 ILCS 174/5.

**ANSWER:** Defendant neither admits nor denies the allegations of Paragraph 42 because they are legal conclusions and not the averment of issuable facts. To the extent said allegations present issuable facts they are denied.

43. Bast is an employer as defined by Section 5 of the Illinois Whistleblower Act, 740 ILCS 174/5.

**ANSWER:** Defendant neither admits nor denies the allegations of Paragraph 43 because they are legal conclusions and not the averment of issuable facts. To the extent said allegations present issuable facts they are denied.

44. The conduct of Bast and The Foundation, as described herein, violated Sections (sic) 15 of the Illinois Whistleblower Act.

**ANSWER:** Defendant denies the allegations of Paragraph 42.

WHEREFORE, Defendant, The Foundation for Alzheimer's and Cultural Memory, denies that Plaintiff is entitled to any relief, and respectfully requests Count II of the Amended Complaint be dismissed with prejudice and judgment be entered in its favor and against Plaintiff, Joyce

Molino, and that it be awarded its costs, attorneys' fees, and any further additional or alternative relief as the Court deems just in the premises.

### COUNT THREE
### False Claims Act

45. Plaintiff herein realleges and reaffirms the allegations set forth in paragraph 1 through 34 above.

**ANSWER:** As and for its answer to Paragraph No. 45, Defendant restates its answers to Paragraph Nos. 1-34 of the Amended Complaint as if fully stated herein.

46. Bast in an "employer" within the meaning of the False Claims Act, 31 U.S.C.A. § 3730(h).

**ANSWER:** Defendant neither admits nor denies the allegations of paragraph 1 because they are legal conclusions and not the averment of issuable facts. To the extent said allegations present issuable facts they are denied.

47. The Foundation is an "employer" within the meaning of the False Claims Act, 31 U.S.C.A. § 3730(h).

**ANSWER:** Defendant neither admits nor denies the allegations of Paragraph 47 because they are legal conclusions and not the averment of issuable facts. To the extent said allegations present issuable facts they are denied.

48. Molino is an "employee" within the meaning of the False Claims Act, 31 U.S.C.A. § 3730(h).

**ANSWER:** Defendant neither admits nor denies the allegations of Paragraph 48 because they are legal conclusions and not the averment of issuable facts. To the extent said allegations present issuable facts they are denied.

49. The False Claims Act, 31, U.S.C.A § 3730(h), prohibits an employer for discharging any employee in retaliation for "lawful acts done by the employee…in furtherance of an action under this section[.]"

**ANSWER:** Defendant admits the allegations of Paragraph 49, except that they are incomplete.

50. The conduct of Bast and The Foundation, as described herein, violated §3730(h) of the False Claims Act.

**ANSWER:** Defendant denies the allegations of Paragraph 50.

WHEREFORE, Defendant, The Foundation for Alzheimer's and Cultural Memory, denies that Plaintiff is entitled to any relief, and respectfully requests Count III of the Amended Complaint be dismissed with prejudice and judgment be entered in its favor and against Plaintiff, Joyce Molino, and that it be awarded its costs, attorneys' fees, and any further additional or alternative relief as the Court deems just in the premises.

### COUNT VI (sic)
### Illinois Whistleblower Reward and Protection Act

51. Plaintiff herein alleges and reaffirms the allegations set forth in paragraphs 1 through 34 above.

**ANSWER:** As and for its answer to Paragraph No. 51, Defendant restates its answers to Paragraph Nos. 1-34 of the Amended Complaint as if fully stated herein.

15

52. Bast in an "employer" within the meaning of the Illinois Whistleblower Reward and Protection Act, 740 ILCS 175/4(g).

**ANSWER:** Defendant neither admits nor denies the allegations of Paragraph 52 because they are legal conclusions and not the averment of issuable facts. To the extent said allegations present issuable facts they are denied.

53. The Foundation is an "employer" within the meaning of the Illinois Whistleblower Reward and Protection Act, 740 ILCS 175/4(g).

**ANSWER:** Defendant neither admits nor denies the allegations of Paragraph 53 because they are legal conclusions and not the averment of issuable facts. To the extent said allegations present issuable facts they are denied.

54. Molino is an "employee" within the meaning of the Illinois Whistleblower Reward and Protection Act, 740 ILCS 175/4(g).

**ANSWER:** Defendant neither admits nor denies the allegations of Paragraph 54 because they are legal conclusions and not the averment of issuable facts. To the extent said allegations present issuable facts they are denied.

55. The Illinois Whistleblower Reward and Protection Act, 740 ILCS 175/4(g), prohibits an employer for discharging any employee in retaliation for "lawful acts done by the employee…in furtherance of an action under this section[.]"

**ANSWER:** Defendant admits the allegations of Paragraph 55, except that they are incomplete.

56.     The conduct of Bast and The Foundation, as described herein, violated § 175/4(g) of the Illinois Whistleblower Reward and Protection Act.

**ANSWER:**  Defendant denies the allegations of Paragraph 56.

WHEREFORE, Defendant, The Foundation for Alzheimer's and Cultural Memory, denies that Plaintiff is entitled to any relief, and respectfully requests Count VI (sic) of the Amended Complaint be dismissed with prejudice and judgment be entered in its favor and against Plaintiff, Joyce Molino, and that it be awarded its costs, attorneys' fees, and any further additional or alternative relief as the Court deems just in the premises.

## **AFFIRMATIVE DEFENSES**

1.     To the extent that Plaintiff has failed to mitigate her damages, she should be barred from any recovery or her recovery should be reduced.

Respectfully submitted,
The Foundation for Alzheimer's
and Cultural Memory


By: __s/ John P. Madden_____
         Attorney for the Defendant

John P. Madden
O'Malley & Madden, p.c.
542 So. Dearborn St.
Suite 660
Chicago Illinois 60605
312.697.1382
jmadden@ompclaw.com