UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOYCE MOLINO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 08 C 4399 |
| ) | |
| BAST SERVICES, INC., and ) | Judge George M. Marovich |
| THE FOUNDATION FOR ALZHEIMER'S ) | |
| AND CULTURAL MEMORY, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Joyce Molino ("Molino") filed in the Circuit Court of Cook County a four-count complaint (which was removed to this Court) against defendants Bast Services, Inc. ("Bast Services") and the Foundation for Alzheimer's and Cultural Memory (the "Foundation"). Plaintiff has dismissed with prejudice her claims against the Foundation. She now moves for summary judgment with respect to her claims against defendant Bast Services. For the reasons set forth below, the Court grants the motion for summary judgment as to the merits. The Court denies the motion with respect to damages.

**I.    Background**

At a status hearing on September 28, 2010, the Court entered an order setting a briefing schedule for motions for summary judgment. Pursuant to that order, motions for summary judgment were due October 28, 2010. Responses were due November 29, 2010, and replies were due December 9, 2010.

Plaintiff timely filed a motion for summary judgment on all four of her claims against Bast Services. Bast Services never filed a response. Local Rule 56.1 of the Local Rules for the Northern District of Illinois requires a party moving for summary judgment to file a statement of

material facts as to which the movant contends there is no genuine issue.  *See* Local Rule 56.1(a)(1)(3).  The non-moving party must file a response to the moving party's statement of facts.  *See* Local Rule 56.1(b).  Pursuant to Local Rule 56.1(b), "[a]ll material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party."  *See* Local Rule 56.1(b)(3)(C); *see also Parra v. Neal*, 614 F.3d 635, 636 (7th Cir. 2010); *Cracco v. Vitran*, 559 F.3d 625, 632 (7th Cir. 2009) (approving the practice of requiring strict compliance with Local Rule 56.1).  Because defendant failed to file a response, defendant failed to controvert plaintiff's statement of facts.  Accordingly, the Court deems admitted all of the facts in plaintiff's statement of facts.  The following facts are undisputed.

At some point (the timing is unclear from the plaintiff's submission), plaintiff Joyce Molino acted as a whistleblower in an action under the False Claims Act and the Illinois Whistleblower Reward and Protection Act ("IWRPA").  The action was against one of Molino's former employers, ABS Management.  In November 2004, the government settled with ABS, and Molino's participation in the case was the subject of at least one newspaper article.

In the meantime, from about 1999 to about 2006, Molino was the Dementia Care Unit Director at Alden Town Manor.  Toward the end of her tenure at Alden Town Manor, Molino helped to facilitate a pilot program called Memory Bridge Initiative ("Memory Bridge"), the details of which are not included in the record.  Memory Bridge was created by Michael Verde ("Verde") of the Foundation for Alzheimer's and Cultural Memory.  Verde has stated that Molino "single handedly made the program work at Alden."  Molino was equally pleased with Memory Bridge.  In May 2006, Molino nominated Memory Bridge for an "Innovative Program Award" from the Illinois Health Care Association, and Memory Bridge won.

Memory Bridge was also the bridge to Molino's employment with Bast Services. Bast Services had an agreement with the Foundation to be the exclusive implementor of the Memory Bridge curriculum. By February or March of 2006, Verde began trying to recruit Molino to work for Bast Services on the implementation of Memory Bridge. Verde was interested in Molino because of her "expertise in the area of dementia care" and her "past contributions to the program." By May, Molino was a part-time consultant for Memory Bridge. On July 31, 2006, Molino accepted an offer to start a full-time position as Manager of Alzheimer's Outreach and Education on September 11, 2006. She was offered a salary of $51,000.00. Ultimately, Molino was a full-time employee at Bast Services for about two months. On or about November 17, 2006, Bast Services terminated her employment.

When Molino started at Bast Services, her duties included collaborating on curriculum development, identifying new program opportunities, maintaining a library of teaching aids, developing teacher training, and supporting teachers. Molino reported to Mary Cohen, the Director of the Memory Bridge program. On October 13, 2006, Cohen told Molino she had a "profound and positive impact on the program."

Two weeks later, on October 27, 2006, Molino told Cohen and Verde that she had been a government whistleblower against ABS Management, which owned several long-term care facilities in Illinois. Molino told them that it could be a problem if she needed to interact with ABS Management in order to recruit new facilities for the Memory Bridge program. Twenty-one days later, Bast Services terminated Molino's employment.

At the time, Bast Services did not tell Molino why her employment was being terminated. Later, Bast Services gave three reasons for the termination of Molino's employment.

First, on October 13, 2006, Molino failed to give "contact information" to a teacher. Second, on October 25, Molino failed to stay with a trainee teacher through an entire training session that a third person was conducting. The third reason, the "one that really gave [Bast Services] pause and finally made [them] arrive at [the decision to terminate Molino's employment]," was the conversation Molino had with Cohen and Verde about her prior whistle-blowing activities. The conversation on October 27 (during which Molino told Cohen and Verde about her prior whistle-blowing activities) was the "finalizing incident," according to Bast Services. Bast was concerned that Molino would not be able to recruit new facilities.

Based on these incidents, Molino filed a four-count complaint. In Count I, Molino asserts a common-law claim for retaliatory discharge. In Count II, Molino asserts a claim under the Illinois Whistleblower Act, 740 ILCS 174/15. In Count III, Molino asserts a claim for retaliatory discharge under the False Claims Act, 30 U.S.C. § 3730(h). Finally, in Count IV, Molino asserts a claim for retaliatory discharge under the Illinois Whistleblower Reward and Protection Act, 740 ILCS 175/4(g).

## II. Summary Judgment Standard

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When making such a determination, the Court must construe the evidence and make all reasonable inferences in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Summary judgment is appropriate, however, when the non-moving party "fails to make a showing sufficient to establish the existence of an

element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Brummett v. Sinclair Broadcast Group, Inc.*, 414 F.3d 686, 692 (7th Cir. 2005).

## III. Discussion

### A. Plaintiff's claims under the False Claims Act and the IWRPA

The False Claims Act provides, among other things:

> Any employee who is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment by his or her employer because of lawful acts done by the employee on behalf of the employee or others in furtherance of an action under this section, including an investigation for, initiation of, testimony for, or assistance in an action filed or to be filed under this section, shall be entitled to all relief necessary to make the employee whole. Such relief shall include reinstatement with the same seniority status such employee would have had but for the discrimination, 2 times the amount of back pay, interest on the back pay, and compensation for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorneys' fees.

31 U.S.C. § 3730(h). The Illinois Whistleblower Reward and Protection Act contains similar language. It states:

> (g) Relief from retaliatory actions.
>
> (1) In general, any employee, contractor, or agent is entitled to all relief necessary to make that employee, contractor, or agent whole, if that employee, contractor, or agent is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment because of lawful acts done by the employee, contractor, or agent on behalf of the employee, contractor, or agent or associated others in furtherance of other efforts to stop one or more violations of this Act.
>
> (2) Relief under paragraph (1) shall include reinstatement with the seniority status that the employee, contractor, or agent would have had but for the

discrimination, 2 times the amount of back pay, interest on the back pay, and compensation for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorneys' fees.

740 ILCS 175/4(g).

To prove a claim for retaliation under the False Claims Act, a plaintiff must show: "(a) [her] actions were taken 'in furtherance of' an FCA enforcement action and were therefore protected by the statute; (b) [her] employer had knowledge that [s]he was engaged in this protected conduct; and (c) [her] discharge was motivated, at least in part, by the protected conduct." *Fanslow v. Chicago Mfg. Center, Inc.*, 384 F.3d 469, 479 (7th Cir. 2004). Because the language of the IWRPA is nearly identical to the False Claims Act and because of the lack of Illinois caselaw suggesting a different standard, this Court joins the other courts that have applied the federal standard to the state claim. *See McDonough v. City of Chi*, __ F. Supp.2d __, 2010 WL 3894239 at *22 (N.D. Ill. Sept. 29, 2010) (applying False Claims Act retaliation standard to retaliation claim under IWRPA); *United States v. Amerigroup Ill., Inc.*, 528 F. Supp.2d 861, 877 n. 14 & 879 (N.D. Ill. 2007) (same).

Here, Molino has established that there are no genuine issues of fact and that she is entitled to summary judgment on her False Claims Act and IWRPA claims. First, it is undisputed that Molino acted as a whistleblower in connection with covered litigation. Second, it is undisputed that Bast Services knew about Molino's whistle-blowing activities. Finally, it is undisputed that the decision to terminate Molino's employment was motivated, at least in part, by Molino's whistle-blowing activities. It is undisputed that on October 27, 2006, Molino told Cohen and Verde about her whistle-blowing activities and that that conversation was one of the "finalizing" reasons for Bast's termination of Molino's employment.

Accordingly, the Court grants Molino's motion for summary judgment as to Counts III and IV.

**B.     Plaintiff's Counts I and II.**

In Counts I and II, respectively, Molino asserts a common-law retaliatory discharge claim and a claim under the Illinois Whistleblower Act, 740 ILCS 174/15.

The two claims are similar. The Illinois Whistleblower Act prohibits an employer from "retaliat[ing] against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation." 740 ILCS 174/15. The common-law tort of retaliatory discharge "is a narrow exception to the at-will employment doctrine and can be established if a plaintiff shows that (1) she has been discharged; (2) in retaliation for her activities; and (3) the discharge violates a clear mandate of public policy." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 535-536 (7th Cir. 2007). Discharging an employee due to the employee's whistle-blowing activities violates public policy for purposes of establishing a retaliatory-discharge claim. *Palmateer v. International Harvester Co.*, 85 Ill.2d 124 (Ill. S.Ct. 1981). In this case (though not in all cases) the claims overlap, because this case involves retaliation in the form of a discharge and involves the disclosure of information to the government. The Court notes that it agrees with the courts that have decided that the Illinois Whistleblower Act does not preempt a common-law retaliatory discharge claim. *See Stiles v. International BioResources LLC*, __ F. Supp.2d __, 2010 WL 2740312 (N.D. Ill. July 10, 2010).

Here, again, plaintiff has shown that there are no genuine issues of fact and that she is entitled to judgment as a matter of law on Counts I and II. Molino has shown she acted as a

-7-

whistleblower by disclosing information about her former employer to the government. It is undisputed that her employment was terminated. Finally, it is undisputed that a reason for the termination of her employment was the fact that she had acted as a whistleblower. Accordingly, the Court grants Molino's motion for summary judgment as to Counts I and II.

### C. Damages

In her motion, Molino asks the Court "to award all damages as determined by this court to which Plaintiff is entitled under each count." Aside from the information about the amount of Molino's salary at Bast Services, there is no information in the record from which the Court can determine damages. Molino has not stated whether she seeks reinstatement, and it is not clear whether Molino's former position still exists at Bast Services. The record contains no information about her efforts to mitigate her damages or her subsequent employment.

Accordingly, Molino's motion for summary judgment is denied with respect to damages. This denial is without prejudice, and Molino is free to file a motion for summary judgment as to damages (which, in addition to complying with Local Rule 56.1, should include both a calculation of damages and legal authority supporting the calculation).

## IV. Conclusion

For the reasons set forth above, the Court grants in part and denies in part Molino's motion for summary judgment. The Court grants Molino summary judgment against defendant Bast Services on the merits of Counts I, II, III and IV. The Court denies Molino's motion for summary judgment as to damages. This denial is without prejudice, and Molino is free to file a motion for summary judgment as to damages.

ENTER: George M. Marovich

                                                                                                   _____
                                                                                                   George M. Marovich
                                                                                                   United States District Judge

DATED: December 22, 2010